**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SANTIAGO PULLUQUITIN PAUCAR,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **No. 26-cv-4259** |
| | : | |
| **JAMAL L. JAMISON, in his official capacity** | : | |
| **as the Facility Administrator of the Philadelphia** | : | |
| **Federal Detention Center,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this **24th** day of **June 2026**, upon review of Petitioner David Santiago Pulluquitin Paucar's Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1), Respondents' Letter dated June 23, 2026 (ECF No. 4), and the docket, it is hereby **ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. For the reasons stated in this District's prior cases, *see, e.g.*, Memorandum Opinion at 11–20, *Kashranov v. Jamison*, No. 25-cv-5555 (E.D. Pa. Nov. 14, 2025); Memorandum Opinion at 1–10, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488 (E.D. Pa. Nov. 18, 2025); Memorandum Opinion at 1–14, *Anirudh v. McShane*, No. 25-cv-6458 (E.D. Pa. Dec. 9, 2025); Memorandum Opinion at 1–5, *Rios Porras v. O'Neill*, No. 25-cv-6801 (E.D. Pa. Dec. 22, 2025); which Respondents concede are not materially distinguishable, *see* ECF No. 4 at 1–2, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).  Accordingly, the Petition (ECF No. 1) is granted insofar as Petitioner's detention without a bond hearing is unlawful.

2.  On or before **July 1, 2026**, Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), at which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

3.  If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) on or before **July 1, 2026** as required herein, Petitioner shall be immediately released from detention while awaiting the bond hearing.

4.  Any restrictions previously imposed on Petitioner's location by this Court are now **LIFTED** for the purpose of holding a bond hearing.

5.  The Parties shall file a Joint Status Letter updating the Court as to the results of the bond hearing, on or before **July 8, 2026 at 5:00 p.m.**  Further, the Parties shall advise the Court in their Joint Status Letter whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

                                        **BY THE COURT:**

                                        **/s/ Chad F. Kenney**

                                        _____
                                        **CHAD F. KENNEY, JUDGE**

2